UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LAFAYETTE WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:04-cv-1742-SEB-VSS |
| ) | |
| LINDA C. EHRINGER, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

This is a civil rights action in which plaintiff Lafayette Woods ("Woods") alleges that he was denied adequate medical care while confined at the Marion County Jail ("Jail"). Following the screening of the complaint pursuant to 28 U.S.C. § 1915A(b), the claims which remain are those against defendants Ehringer, Lochner, Koch, Thomas, and Klink in their individual capacities.

The matter is now before the court on the unopposed motion for summary judgment of defendants Ehringer and Lochner. Such a motion must be granted if the movants show that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. *See Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* 'It is well-settled that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). Woods has not met this burden here, nor has he attempted to do so. Thus, the well-supported facts relied on by defendants Ehringer and Lochner in support of their motion for summary judgment are accepted as true for the purpose of the court's resolution of that motion. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This is the result of Local Rule 56.1(h), of which Woods was notified.

In the specific context of the asserted denial of medical care, in order for an inmate to state a claim under 42 U.S.C. § 1983, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); see also *Payne v. Churchich,* 161 F.3d 1030, 1041 (7th Cir. 1998) ("A detainee establishes a § 1983 claim by demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger.").

The court, having considered the pleadings, the unopposed motion for summary judgment, together with the evidentiary record relating to such motion, and being duly advised, finds that there is no genuine issue as to any material fact and that defendants Ehringer and Lochner are entitled to judgment as a matter of law. This conclusion is reached because, considering the totality of Woods' medical care in relation to the medical treatment he sought while at the Jail in the first months of 2004, *see Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999), the evidentiary record shows no material question of fact as to whether either Licensed Practical Nurse Ehringer or physician Lochner was deliberately indifferent to Woods' serious medical needs. *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005)("To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a "sufficiently culpable state of mind." The officials must know of and disregard an excessive risk to inmate health; indeed they must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." This is not to say that a prisoner must establish that officials intended or desired the harm that transpired. Instead, it is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk. Additionally, a fact-finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.") (some quotations and internal citations omitted). On the contrary, that same record shows that the medical judgments concerning Woods' condition and treatment (consisting of their decisions to not authorize narcotic pain medication for Woods and authorizing and/or adjusting other medication for his symptoms), and specifically such judgments made by defendants Ehringer and Lochner, were not "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Estate of Cole v. Fromm,* 94 F.3d 254, 262 (7th Cir. 1996), *cert. denied,* 519 U.S. 1109 (1997). These circumstances negate the existence of deliberate indifference regarding Woods' health care while at the Jail, and the moving defendants are thus entitled to summary judgment as a matter of law. *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996) ("If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party."), *cert. denied,* 519 U.S. 1115 (1997).

The motion for summary judgment of defendants Ehringer and Lochner is **granted.** No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED**.

Date: 07/14/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Anthony D. Kowals
HERENDEEN KOWALS AMBLER MCTIGUE & LENYO
akowals@hotmail.com

David Michael McTigue
HERENDEEN KOWALS AMBLER MCTIGUE & LENYON
dbldmr@aol.com

James B. Osborn
OFFICE OF CORPORATION COUNSEL
josborn@indygov.org

LAFAYETTE WOODS
6140 Brockworth Drive   Apt. J
Indianapolis, IN 46204